UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VONNIE ROSS EDWARDS,<br><br>     Petitioner,<br><br>  v.<br><br>KAMALA HARRIS,<br><br>     Respondent. | Case No. CV 12-2700-RGK(AJW)<br><br><br><br>MEMORANDUM AND ORDER<br>DISMISSING PETITION<br>WITHOUT PREJUDICE<br>AND WITH LEAVE TO AMEND |

On March 28, 2012, petitioner filed a document entitled "Application for Enlargement of Time to File Petition For Writ of Habeas Corpus." Petitioner seeks an order staying the petition until "impediments," which are "thwarting petitioner's timely filing of his federal habeas corpus action" are removed. [Application at 2]. The application indicates that petitioner has been deprived of his legal documents, which are in the possession of another inmate. [Application at 2]. Liberally construing the document as a habeas petition, it is subject to summary dismissal.

As pleaded, the petition does not present any claims. Although petitioner sets forth numerous claims he would like to bring in the future, it does not appear petitioner intends to raise them now, nor is it clear whether the claims petitioner sets forth have been

1  presented to the California Supreme Court such that they are
2  exhausted. See 28 U.S.C. §2254(b)(1)(A) ("An application for a writ of
3  habeas corpus on behalf of a person in custody pursuant to the
4  judgment of a State court shall not be granted unless it appears that
5  the applicant has exhausted the remedies available in the courts of
6  the State.").

7  To the extent that petitioner seeks application of statutory or
8  equitable tolling to any future federal petition he may elect to file,
9  see 28 U.S.C. §2244(d)(2); Calderon v. United States District Court
10 (Beeler), 128 F.3d 1283, 1288-1289 (9th Cir. 1997), cert. denied, 522
11 U.S. 1099 & 523 U.S. 1061 (1998), overruled on other grounds by
12 Calderon v. United States District Court (Kelly), 163 F.3d 530, 541
13 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999), such a
14 request is premature.[1] Petitioner has not yet filed a proper federal
15 petition challenging his conviction or sentence. Further, at this

---

[1] The Court cannot determine the date on which petitioner's conviction became final for purposes of the AEDPA's statute of limitation. Generally, a state conviction is final 90 days after the petitioner's petition for review is denied. See Bowen v. Roe, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). Petitioner would have one year from that date within which to file a federal petition. Of course, this period would be extended if petitioner has a properly filed state application for relief pending or is entitled to equitable tolling. See 28 U.S.C. §2244(d)(2) (explaining that the one year period does not include any time during which a properly filed state application for relief is pending); Carey v. Saffold, 536 U.S. 214, 218-219 (2002) (holding that in California, state habeas petitions are "pending" so as to toll the limitation period during the interval between a lower court's determination of an initial petition and the filing of a subsequent petition in a higher court); Pace v. DiGuglielmo, 544 U.S. 408, 413-414 (2005) (state petitions will only toll the one-year statute of limitation under § 2244(d)(2) if the state petition was timely filed under state law, and equitable tolling is available only if the petitioner has been pursuing his rights diligently but some extraordinary circumstance stood in his way). Nothing in this order should be construed as expressing an opinion as to the timeliness of any future petition.

2

1  stage, whether the state will raise the defense of the statute of
2  limitation pursuant to 28 U.S.C. §2244(d) if petitioner does file a
3  federal petition is purely speculative.  The timeliness of any federal
4  petition properly filed by petitioner should be considered if and when
5  petitioner files such a petition.  Thus, the issue of petitioner's
6  entitlement to the application of statutory or equitable tolling is
7  not ripe for determination.

8      The petition filed by petitioner is dismissed without prejudice
9  and with leave to amend.  Petitioner shall have twenty-eight (28) days
10 from the date of this order within which to file an amended habeas
11 petition <u>on the forms provided by the clerk</u>.  The amended petition
12 shall bear case number CV 12-2700-RGK(AJW) and shall set forth each of
13 petitioner's claims for relief.  It also shall indicate which claims
14 have been presented to the California Supreme Court and which have
15 not. At the time he filed his petition, petitioner also may file a
16 motion to stay the petition pending exhaustion of state remedies.

17     Petitioner is cautioned that failure to comply with this order
18 within the deadline may result in dismissal of this action.

19 **It is so ordered.**

21 Dated: <u>April 2, 2012</u>

23     Andrew J. Wistrich
    United States Magistrate Judge

3