1  V. Edwards
   G-29427
2  P O Box 4430 (A2-101)
   Lancaster CA 93539-4430
3

   ORIGINAL

4

5  Pro Per

   FILED
   CLERK, U.S. DISTRICT COURT

6

7  MAR 27 2013

   CENTRAL DISTRICT OF CALIFORNIA
   BY ____ DEPUTY

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 VONNIE ROSS EDWARDS,           )
                                  )
12                                )  Case No. CV 12-2700 RGK(AJW)
                                  )
13         Petitioner,             )
                                  )
14                                )
                                  )
15 v                              )
                                  )
16                                )
                                  )
17 KAMALA HARRIS, et al.,         )
                                  )
18 J. SOTO, Warden (Acting)       )
                                  )  APPLICATION FOR LEAVE TO SUPPLEMENT
19                                )  PETITION FOR WRIT OF HABEAS CORPUS
                                  )
20         Respondents.           )  WITH MOTION TO TAKE JUDICIAL NOTICE
                                  )
21 _____)

22

23      Comes layman litigant in the above-captioned action

24 moving this Court to grant him leave to supplement Ground One

25 of his habeas action with the following Motion to Take;

26 ///

27                           - 1 -



1 ///

2 Judicial Notice of Recent Decision.

3     Petitioner posits that said decision is largely dispositive to the argument of his Ground One.

5     Petitioner further posits that Respondent's Motion to Dismiss is wholly alleging procedural violations; therefore, inclusion of said recent decision would have no impact on any precedent sanctioning new allegations once the Answer has been filed by Respondent.

10     At-bar Petitioner propounds that the California Court of Appeal for the Second Appellate District, the district in which Petitioner was tried, convicted, and appealed, has recently reached a determination in a case with facts verisimilar to the evidentiary concerns in his case.

15     In <u>People v McCloud</u> 2012 DJDAR 16323, the Court of Appeal pointedly observed in its opening Discussion that instructing the jury on the "Kill Zone Theory" was prejudicial error. Succinctly put, <u>McCloud</u> reiterated the host of existing precedent going to that:

> "The trial court has the duty to instruct on general principles of law relevant to the issues raised by the evidence [citations] and has the correlative duty 'to refrain from instructing on principles of law which not only are irrelevant to the issues raised by the evidence but also have the effect of confusing the jury or relieving it from making findings on relevant issues." [citation] It is an elementary principle of law that before a jury can be instructed

26 ///

1  ///
2  that it may draw a particular inference, evidence
   must appear in the record which, if believed by
3  the jury, will support the suggested inference."
   [citation]
4
5  Noteworthy to the circumstances at-bar, is the clari-
6  fication set forth by the McCloud court distinguishing that:
7       "The mental state required for attempted
        murder has long differed from that required for
8       murder itself. Murder does not require the
        intent to kill. Implied malice -- a conscious
9       disregard for life -- suffices. [citation omit.]
            "In contrast, [a]ttempted murder requires
10      a direct but ineffectual act toward accomplishing
        the intended killing.'" [citations omit.]
11
12      The record at-bar will show that the trial court, indeed
13 the whole trial process, remained in a quandary throughout
14 the proceedings regarding where assault with a deadly weapon
15 ended and attempted murder began.
16      Citing to People v Bland (2002) 28 Cal.4th 313, 121
17 Cal.Rptr.2d 546, the California Supreme Court set forth the
18 State's stance inre charging an accused with attempted murder
19 as opposed to a lesser allegation of assault with intent . . .
20      "Although transferred intent can support
        murder convictions if nontargeted individuals
21      are killed, transferred intent cannot support
        attempted murder convictions concerning non-
22      targeted individuals who were not killed.
        'intent to kill does not transfer to victims
23      who were not killed, and thus transferred
        intent cannot serve as a basis for a finding
24      of attempted murder.'"
25 Id. at 28 Cal.4th 326-331,
26 ///
27
                              - 3 -

1  ///

2      The California Supreme Court further clarified instant

3  facts in People v Stone (2009) 46 Cal.4th 131, where the Court

4  noted "the charging document's allegation [] was 'problematic'

5  because of the lack of evidence that the defendant had targeted

6  any specific person, so 'it would no doubt have been better

7  had the case been charged differently' without naming 'a

8  specific victim.'"  Id. at 140-141. Stone also iterated that

9  "[i]t should be noted that the Supreme Court has repeatedly

10 explained that jury instructions on the kill zone theory are

11 never required." Stone, supra, 46 Cal.4th at 137-38 (emp.

12 in orig.).

13      In light of the facts set forth above Petitioner moves

14 this Court to supplement his petition for writ of habeas corpus

15 with these pertinent facts.

16

17      DECLARED BY ME UNDER PENALTY FOR PERJURY ON

18 THIS THE ___13___ DAY OF _____March_____, 2013.

19

20                           Respectfully submitted,

21

22

23                           V. Edwards



PROOF OF SERVICE BY MAIL

I, THE UNDERSIGNED, HEREBY CERTIFY THAT I HAVE SERVED A TRUE AND CORRECT COPY OF THE FOREGOING DOCUMENT(S) UPON THE RESPONDING PARTY BY PLACING SAME IN AN ENVELOPE WITH POSTAGE FULLY PAID, ADDRESSED TO THE PERSON(S) HEREINAFTER LISTED, AND BY DEPOSITING SAID ENVELOPE IN THE U.S. MAIL AT         LANCASTER         , CALIFORNIA.

DOCUMENT(S):

APPLICATION FOR LEAVE TO SUPPLEMENT
PETITION FOR WRIT OF HABEAS CORPUS
WITH MOTION TO TAKE JUDICIAL NOTICE

PROPERLY ADDRESSED TO:

ATTORNEY GENERAL OF CALIFORNIA
300 S SPRING ST., STE. 1702
L A CA 90013

ATTN: J. YANG (DAG)

I DECLARE UNDER PENALTY FOR PERJURY THE FOREGOING IS TRUE AND CORRECT; EXECUTED BY ME ON THIS THE __14__ DAY OF __MARCH__ , 20__ , AT __LANCASTER__ , CALIFORNIA.   93539-4430

/s/ V. EDWARDS